IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| CARLOS HENRY NERIO | § |  |
|---|---|---|
|  | § |  |
| V. | § | CAUSE NO. A-17-CA-037-LY |
|  | § |  |
| DEREK EVANS and AMY KING | § |  |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants Evans and King's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 4); Plaintiff's Response (Dkt. No. 7); and Defendants' Reply (Dkt. No. 8). The District Court referred the above motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

### I. BACKGROUND[1]

Plaintiff Carlos Henry Nerio brings this 42 U.S.C. § 1983 case against Texas Department of Public Safety Officers Derek Evans and Amy King, in their individual capacities, alleging false arrest and false imprisonment[2] in violation of his Fourth and Fourteenth Amendment rights. In 2015, DPS was involved in an investigation of a methamphetamine distribution network headed by Frank Lee Dones, Jr. As part of that investigation, King and Evans conducted surveillance of Dones, used a confidential informant to make a controlled methamphetamine buy from Dones, and obtained court

---

[1] Because the case is before the Court on motions to dismiss for failure to state a claim, the facts set forth here, taken from Plaintiff's Original Complaint (Dkt. No. 1), are presumed true.

[2] The Court addresses the false arrest and false imprisonment claims together as "false arrest" as both require the same probable cause analysis. *See Haggerty v. Texas State Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).

orders authorizing pen registers for two of Dones' telephones. King learned that one of Dones' frequent callers was a man named Carlos Nerio whose telephone number was xxx-xxxx-2438. Defendant King conducted an ACCURINT search of that telephone number and learned that Nerio was residing at an address on Ed Bluestein Blvd. King then allegedly entered the 2438 phone number into a Facebook search engine, which associated that number with a "Carlos Nerio."

In April 2016, King listened in on additional narcotics related conversation between Dones and Nerio, who was still using the 2438 telephone number. Nerio texted Dones: "This is Carlos. I'm on my way. Are you home?" King and Evans were part of a surveillance team that traveled to Dones' house and observed Nerio exit his vehicle, enter Dones' residence and drive away a few minutes later. From this surveillance, King obtained the license plate from the vehicle, which he confirmed from a database search was registered to "Carlos Nerio." Based on their investigation, Evans drafted an affidavit for an arrest warrant. The affidavit named the suspect as "Carlos Henry Nerio, Jr.," and stated that he resided on a street called "Wandering Way"—not the Ed Bluestein Blvd. address obtained from ACCURINT earlier in thier investiation. At 5:30 in the morning of June 30, 2016, peace officers entered the home on Wandering Way and executed the arrest warrant by taking Plaintiff into custody. Plaintiff and his wife objected that he had not committed any crime and that they were arresting the wrong person. Nerio was nevertheless handcuffed, placed in the back of a police car and transported to the Travis County Jail. He was charged with Criminal Conspiracy to commit Felony Manufacturing/Delivery of a Controlled Substance, and his bond was set at $20,000. The arrest was reported on the local evening news, which led to Nerio being fired. Further, he was forced to hire counsel and post a bond. It was not until On August 30, 2016, that the charges were dismissed, which were dropped due to "mistaken identity."

Nerio alleges that agents Evans and King knew, or should have known, that Nerio was not the person involved in the drug conspiracy they were investigating, when they swore to the information in the warrant used to arrest him. He points out that he never possessed the 2438 telephone number tied to the actual suspect. Evans swore in the arrest affidavit that King put the 2438 telephone number into a Facebook search engine, and it showed that it belonged to a "Carlos Nerio." While Nerio asserts that he has never had a Facebook page, he alleges that placing the 2438 phone number into a Facebook search returns with no results. Nerio further notes that he has never lived on Ed Bluestein Blvd., the address connected to the vehicle registration of the car the officers observed at Dones' residence. Nerio adds that he has resided at, and been the owner of, his Wandering Way home since June 2011. Evans swore that Carlos Nerio's vehicle registration was obtained and checked during the surveillance and that it came back to the Plaintiff, while an accurate check of that registration would have revealed that it was not registered to a Carlos Nerio residing on Wandering Way, but rather one on Ed Bluestein Blvd. Nerio asserts that King or Evans merely ran an ACCURINT database search on the name "Carlos Nerio" and selected the dominant name on the database, which was Plaintiff, not the "Carlos Nerio" they had observed and investigated in the course of investigating the drug conspiracy.

Nerio alleges the arrest violated his constitutional rights, and brings this 1983 suit to recover the damages he incurred. Evans and King move to dismiss Nerio's claims, asserting that there was probable cause for his arrest, and that they are entitled to qualified immunity.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule

3

12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court generally is not to look beyond the pleadings in deciding a motion to dismiss. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### III. ANALYSIS

**A.     Probable Cause for Arrest**

Nerio brings his claim under both the Fourth and Fourteenth Amendments. "Where a particular Amendment provides an explicit textual source of constitutional protection against a

4

particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal punctuation deleted). A citizen has a right under the Fourth Amendment to be free from arrest unless the arrest is supported by either a properly issued arrest warrant or probable cause. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Albright*, 510 U.S. at 274. Because the Fourth Amendment covers unlawful arrest, Nerio cannot also seek relief under the Fourteenth Amendment, and his Fourteenth Amendment claims should be dismissed. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Thus the Court addresses this case under only the Fourth Amendment.

"Under the Fourth Amendment, an arrest is reasonable if supported by probable cause." *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 625 (5th Cir. 2006). Thus, in order to support a claim for an unlawful arrest, Nerio must plead sufficient facts to support that he was arrested without probable cause. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 482 (5th Cir. 1999). Undisputed evidence that an arrest was carried out under a facially valid arrest warrant satisfies the requirements of the Fourth Amendment and forecloses a § 1983 claim for false arrest. *Baker v. McCollan*, 443 U.S. 137, 139 (1979). The Fifth Circuit has explained that "where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest; such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982).

On the other hand, a "governmental official violates the Fourth Amendment when he deliberately or recklessly provides false, material information for use in an affidavit in support of a

5

search [or arrest] warrant." *Hart v. O'Brien*, 127 F.3d 424, 449 (5th Cir. 1997). In the context of § 1983 claims asserting Fourth Amendment violations, a governmental official is:

> liable for swearing to false information in an affidavit in support of [an arrest] warrant, provided that: (1) the affiant knew the information was false or [acted with] reckless disregard for the truth; and (2) the warrant would not establish probable cause without the false information.

*Hart*, 127 F.3d at 442 (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). "To prove reckless disregard for the truth [a plaintiff] must present evidence that [the defendant] 'in fact entertained serious doubts as to the truth' of the relevant statement." *Id.* at 449 (quoting *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)); *Melton v. Phillips*, 837 F.3d 502 (5th Cir. 2016), *reh'g en banc granted*, No. 15-10604, 2017 WL 629267 (5th Cir. Feb. 15, 2017). "Whether a defendant in fact entertained serious doubts as to the truth is necessarily a fact question." *Melton*, 2016 WL 4895989 at *5.

Nerio asserts that the officers who obtained the arrest warrant acted with reckless disregard for the truth when they moved forward with a warrant request for him, despite knowing before they submitted the affidavit and application that they had conflicting identity information. He points out that without the misinformation in the warrant, the warrant would not otherwise establish probable cause he had committed any crime. It appears that Nerio has adequately pled a cause of action pursuant to *Melton*, and this is sufficient to state a claim of a Fourth Amendment violation.

Defendants next contend that the independent intermediary doctrine precludes their liability. Under the independent intermediary doctrine, an officer is not liable for a Fourth Amendment violation if the facts supporting the warrant were presented to "an impartial intermediary" (such as a judge or grand jury), because that intermediary's independent determination of probable cause based on what was presented to him "breaks the causal chain" between the officer and the plaintiff.

6

*Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984)); *Buehler v. City of Austin*, 824 F.3d 548, 554 (5th Cir. 2015). "However, this doctrine applies only when all of the facts are presented and the intermediary's decision is truly independent of the wrongfulness of the defendant's conduct." *Melton*, 2016 WL 4895989 at *5. Under the "taint exception," "[a]ny misdirection of the magistrate or the grand jury by omission or commission perpetuates the taint of the original official behavior." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988); *Buehler*, 824 F.3d at 554–55.

Nerio pleads that the initiating officers misrepresented the facts presented to the intermediary, intentionally or recklessly, by ignoring their own prior research and falsely identifying Nerio as a suspected participant in the drug deal, thereby tainting the judge's decision. In this case, the judge was presented a warrant for the wrong Carlos Nerio, and the judge's decision to authorize a warrant could not have been independent of the agents' conduct. Thus the "taint exception" applies. Assuming Plaintiff's factual assertions are true, the independent intermediary doctrine does not apply to shield Defendants from liability in this case. *Hand*, 838 F.2d at 1428.

**B.    Qualified Immunity**

Qualified immunity protects government employees from civil liability in their individual capacities insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Wernicke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009). Even if a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable under the circumstances presented in the case. *Zarnow v. City of Wichita Falls*, 500 F.3d 401, 408 (5th Cir. 2007). Thus, the doctrine of qualified immunity shields from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

7

"The burden is on the plaintiff to overcome a defendant's defense of qualified immunity." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir.2002) (en banc). Here, the qualified immunity argument is made as part of a motion to dismiss under Rule 12(b)(6), and thus the officers do not submit any factual information to support the motion. As mentioned, the burden is on the plaintiff to show the inapplicability of the qualified immunity defense. To discharge his burden, Nerio's Complaint must allege facts that show that King and Evans violated his constitutional rights and that the violation was objectively unreasonable in the light of clearly established law. *See Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir.2009). This means Nerio's pleadings must plausibly state a claim of an objectively *unreasonable* violation of clearly-established law. *See Behrens v. Pelletier*, 516 U.S. 299, 306–08 (1996).

To determine if an officer is entitled to qualified immunity for an alleged constitutional violation, reviewing courts engage in a two-prong inquiry. *Pearson v. Callahan*, 555 U.S. 223 (2009). "[T]he first step is to determine whether plaintiff alleged a violation of a clearly established constitutional right and the second step requires determining whether . . . the official's conduct was objectively reasonable under clearly established law existing at the time of the incident." *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). There is little question that Nerio has pled a violation of his Fourth Amendment rights, as the "right to be free from arrest without probable cause is a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir.1994).

The primary issue at this stage is thus whether the Complaint pleads enough facts to support a plausible claim that Evans and King acted objectively unreasonably. An officer's actions are considered "to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the . . . conduct violated the United States Constitution

or the federal statute." *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 457 (5th Cir. 2001). When applying for an arrest warrant, an officer will have "qualified immunity from suit unless, 'on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue.'" *Spencer v. Staton*, 489 F.3d 658, 661 (5th Cir. 2007) as revised (July 26, 2007) (quoting *Malley*, 475 U.S. at 341). The Constitution does not require error-free investigation, and a plaintiff has no cause of action for the negligent conduct of investigating officers. *Patterson v. Armatys*, 808 F.Supp. 550, 552 (E.D.Tex.1992).

What Nerio alleges here rises above mere negligence, and, if true, would reach the level of objective incompetence. Nerio alleges that through a telephone number and a vehicle registration, Evans and King had already linked the "Carlos Nerio" involved in the drug transaction to a Carlos Nerio who resided on Ed Bluestein Blvd. He further alleges that they ignored this information when they swore in the warrant affidavit that Nerio resided on Wandering Way, causing him to be arrested. The fact that the officers' investigation had returned two different addresses for a single subject, and yet they never took any steps to determine which was the correct address, takes this case beyond a case of mere negligence, and into the realm of the incompetent. Nerio has adequately pled a case that an objectively reasonably officer, armed with the facts Evans and King had, would not have sworn out an arrest warrant against him.

At this early stage of the case, with no record yet developed, dismissal on qualified immunity grounds is therefore inappropriate.[3] The facts contained in the Complaint are sufficient to withstand dismissal on qualified immunity grounds. Obviously, at the summary judgment stage, with a more complete factual record, the Defendants can again raise their qualified immunity defense.

---

[3] The record does not even include the officers' affidavit supporting the warrant.

## IV. RECOMMENDATION

In light of the foregoing the undersigned **RECOMMENDS** that the district judge **GRANT IN PART AND DENY IN PART** Defendants Evans and King's Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 4). The Court recommends that the district judge **DISMISS** Plaintiff's Fourteenth Amendment claim, but in all other respects, recommends that the Motion be **DENIED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 26th of June, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE